

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-36,264-02

**EX PARTE STEVEN MCGEE, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 01-0011X(A) IN THE 71ST DISTRICT COURT
## FROM HARRISON COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to one count of indecency with a child by contact, and one count of sexual assault of a child, and was sentenced to fifteen years' imprisonment for the indecency count, and twenty years' imprisonment for the sexual assault count. He did not appeal his conviction.

Applicant contends, among other things, that his plea agreement was breached because the agreement called for concurrent sentences and the oral pronouncement called for concurrent sentences for the two counts. However, the written judgment indicates that the sentences are to run

consecutively. Applicant presents evidence that TDCJ was treating the sentences as concurrent until 2018, when a "correction" was entered and the sentences were re-calculated as consecutive. Applicant also alleges that his parole eligibility date was miscalculated because when his sentences were being treated as concurrent his parole eligibility date was based on the twenty-year sentence, as opposed to being based on the fifteen-year sentence as it would have been if the sentences were considered consecutive. Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to file an affidavit listing Applicant's sentence begin date for each of the counts to which he pleaded guilty. The affidavit shall state whether Applicant's sentences were originally considered to be concurrent, and if they were recalculated as consecutive, the affidavit shall state when and why that change was made. The affidavit shall state how Applicant's parole eligibility date(s) were calculated, and when, if ever, Applicant was ever approved for parole release. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claims that his plea agreement was breached and his parole eligibility date miscalculated. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and

appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: March 20, 2019
Do not publish